UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT WIGHTMAN-CERVANTES<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT MUELLER, in his official<br>capacity as Director,<br>Federal Bureau of Investigation, et al.,<br><br>    Defendants. | Civil Action No. 10-00238 (JDB) |

## MEMORANDUM OPINION

Plaintiff Robert Wightman-Cervantes brings this action against Robert Mueller, in his official capacity as Director of the Federal Bureau of Investigation ("FBI"), and Eric Holder, in his official capacity as Attorney General of the United States (collectively, "defendants"). He requests that the Court order defendants to recuse themselves from a criminal investigation that he seeks to open. Wightman-Cervantes also asks the Court to appoint a special prosecutor to pursue that investigation. Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Court lacks subject matter jurisdiction and that Wightman-Cervantes has failed to state a claim upon which relief can be granted. For the reasons discussed below, defendants' motion to dismiss will be granted.

## BACKGROUND

Wightman-Cervantes begins with accusations that Chief Justice Wallace Jefferson of the Texas Supreme Court "orchestrated an usurping of power" from Texas Governor Rick Perry "with Governor Perry's full consent for the sole purpose of obstructing justice." Compl. ¶ 3. Wightman-Cervantes also alleges, among other things, that FBI Director Mueller and former

Attorney General Albert Gonzales used the FBI to entrap him on credit card fraud charges in order to silence his criticism of appointments made by former President George W. Bush. Compl. ¶ 5, 17. He claims that the FBI was responsible for a Chase credit card application addressed to him and to a person targeted in a previous lawsuit he filed; he believes that the application is evidence of the FBI's scheme to entrap him on credit card fraud. Compl. ¶¶ 17-21. Wightman-Cervantes also contends that Mueller can no longer conduct a criminal investigation of Governor Perry and Chief Justice Jefferson because he would implicate himself and his office, Compl. ¶ 5, and that Attorney General Holder is now involved in the coverup because "President Obama seeks to appoint to federal offices Democrats who have made themselves party to the criminal conduct initiated under the Republicans." Compl. ¶ 26. He further argues that the Court's failure to compel the FBI to investigate and indict Governor Perry and every member of the Texas Supreme Court will make other judges "party to the criminal conspiracy started by Governor Perry and the Texas Supreme [Court] and covered up by FBI Director Mueller." Compl. ¶ 39. According to Wightman-Cervantes, the FBI reviewed his claims of public corruption and attempted credit card fraud at his request but declined to investigate further, citing a lack of evidence. Compl. ¶ 17. Wightman-Cervantes appears to seek declaratory, injunctive, and mandamus relief ordering defendants' recusal from a criminal investigation of Governor Perry and Chief Justice Jefferson and the appointment of an "independent investigator" to pursue the investigation. Compl. ¶ 40.

On June 7, 2010, defendants moved to dismiss the case, arguing under Rule 12(b)(1) that the Court lacks subject matter jurisdiction over Wightman-Cervantes's complaint and under Rule 12(b)(6) that he has failed to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979). Therefore, the factual allegations must be presumed true, and plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint. Trudeau v. Federal Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Under Rule 12(b)(1), the party seeking to invoke the jurisdiction of a federal court -- plaintiff here -- bears the burden of establishing that the court has jurisdiction. See US Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000); see also Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."); Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998). "'[P]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge, 185 F. Supp. 2d at 13-14 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987)). Additionally, a court may consider material other than the allegations of the complaint in determining whether it has jurisdiction to hear the case, as long as it still accepts the

factual allegations in the complaint as true.  See Jerome Stevens Pharmaceuticals, Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005); EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court is mindful that all that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555-56; see also Papasan v. Allain, 478 U.S. 265, 286 (1986).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); Atherton v. District of Columbia Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  This amounts to a "two-pronged approach" under which a court first identifies the factual allegations entitled to an assumption of truth and then determines "whether they plausibly give rise to an entitlement to relief."  Id. at 1950-51.

## DISCUSSION

I.  **Subject Matter Jurisdiction**

Defendants move to dismiss the complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. They argue that Wightman-Cervantes's bizarre and implausible factual allegations are not entitled to a presumption of truth, and that his complaint therefore does not raise a federal question and warrants dismissal on jurisdictional grounds.

"Federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citations and internal quotation marks omitted); see also Tooley v. Napolitano, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994)) (dismissing a complaint "on jurisdictional grounds when it 'is patently insubstantial,' presenting no federal question suitable for decision"). A federal court lacks jurisdiction when the claims are "essentially fictitious" or advance "bizarre conspiracy theories," "fantastic government manipulation of [one's] will or mind" or some type of "supernatural intervention." Best, 39 F.3d at 330-31.

Here, Wightman-Cervantes alleges a wide-ranging conspiracy among high-ranking state and federal officials that involves, among other things, an attempt to entrap him on credit card fraud charges and a coverup that extends across two federal administrations. Wightman-Cervantes, however, does not offer any facts or circumstances to support his claims that defendants "conspired to try and entrap [him] by having [him] accept a credit card from Chase," Compl. ¶ 17, or that they conspired to have him arrested before the hearing for a President Bush appointee, Compl. ¶ 23. His factual allegations are conclusory and unsupported, representing the type of "bizarre conspiracy theories" and "wholly insubstantial" claims contemplated by the D.C.

Circuit and other courts that have dismissed similar claims. See Tooley, 586 F.3d at 1009 (holding that plaintiff's claims of alleged governmental wiretapping and surveillance, some allegedly to persecute him for remarks critical of the Bush administration, constituted patently insubstantial claims that warranted dismissal); Curran v. Holder, 626 F. Supp. 2d 30, 33-34 (D.D.C. 2009) (finding that plaintiff's claims of alleged government surveillance and harassment as part of a "national security investigation" were fanciful and insufficient).

Although the Court recognizes that pro se litigants are generally entitled to the benefit of less stringent standards than those applied to attorneys, in fact, Wightman-Cervantes is a disbarred attorney, see Compl. ¶ 21, who "is presumed to have a knowledge of the legal system and need[s] less protections from the court," Curran, 626 F. Supp. 2d at 33 (quoting Richards v. Duke Univ., 480 F. Supp. 2d 222, 234 (D.D.C. 2007)). Accordingly, the Court will dismiss Wightman-Cervantes's complaint for lack of subject matter jurisdiction.

## II. Failure to State a Claim

Defendants also move to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim entitling Wightman-Cervantes to relief. They argue that Wightman-Cervantes has not established any valid basis for an order directing defendants to recuse themselves and appoint a special prosecutor for a criminal investigation. Although Wightman-Cervantes never clearly states the basis under which he brings this claim, the Court assumes that he seeks declaratory and injunctive relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 et seq., and mandamus relief under 28 U.S.C. § 1361. See Compl. ¶ 40.

### A. Declaratory and Injunctive Relief

Although it is not clear, Wightman-Cervantes's complaint may be construed as seeking injunctive relief through the APA on the basis that defendants' refusal to recuse themselves and

appoint a special prosecutor violates Department of Justice regulations. See Pl. Response ¶ 10. Under the APA, the Court can only review "[a]gency action made reviewable by statute" or "final agency action for which there is no other adequate remedy in a court," 5 U.S.C. § 704.

Here, Wightman-Cervantes has not identified any "final agency action" that entitles him to judicial review under the APA or raised any other statutory basis for review. Moreover, an agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review. See Block v. S.E.C., 50 F.3d 1078, 1081-82 (D.C. Cir. 1995) (citing Heckler v. Chaney, 470 U.S. 821, 828-32 (1985)). Accordingly, Wightman-Cervantes's request for relief under the APA will be denied.

B.  Mandamus Relief

Federal courts have discretionary authority to grant or withhold declaratory and mandamus relief. Nat'l Wildlife Federation v. United States, 626 F.2d 917, 923 (D.C. Cir. 1980). A district court may grant mandamus relief to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Issuing a writ of mandamus, however, is a "drastic" remedy to be granted only in "extraordinary situations," Oglala Sioux Tribe of Pine Ridge Indian Reservation v. U.S. Army Corps of Eng'rs, 570 F.3d 327, 333 (D.C. Cir. 2009), and where "essential in the interests of justice." Starnes v. McGuire, 512 F.2d 918, 929 (D.C. Cir. 1974). To be entitled to mandamus relief: (1) the plaintiff must have a clear right to relief; (2) the defendant must have a clear duty to act; and (3) there must be no other adequate remedy available to the plaintiff. Council of and for the Blind of Del. Cnty. Valley, Inc. v. Regan, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc) (citation omitted). The plaintiff bears the burden to show that his right to a writ of mandamus is "clear and indisputable," Gulfstream Aerospace Corp. v. Mayacams Corp., 485 U.S. 271, 289 (1988) (citations omitted), and that the

defendant owes him a "clear and compelling duty," Oglala, 570 F.3d at 333-34; In re Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted).

Additionally, "[it] is well settled that a writ of mandamus is not available to compel discretionary acts." Cox v. Secretary of Labor, 739 F. Supp. 28, 30 (D.D.C. 1990). Under 28 U.S.C. § 535(a), the FBI "*may* investigate" certain crimes involving a Government official or employee; but it is not required to investigate every complaint filed. See William van Allen v. Janet Reno, No. 99-CV-1849, 2000 U.S. Dist. LEXIS 19128, at *4 (N.D.N.Y. Dec. 18, 2000) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)) (finding that a private citizen cannot compel a government agency such as the Department of Justice or the FBI to open an investigation of alleged criminal activities); Gant v. FBI, 992 F. Supp. 846, 848 (S.D.W.Va. 1998). Several courts have held that the FBI's decision to investigate is a discretionary act, not a mandatory one, see Agunbiade v. United States, 893 F. Supp. 160, 163 (E.D.N.Y. 1995), and hence have denied mandamus relief where a plaintiff sought to compel the FBI to investigate a claim of alleged criminal activity, see Tyler v. U.S. Attorney, No. 8:07CV361, 2007 U.S. Dist. LEXIS 76887, at *3 (D. Neb. Oct. 16, 2007) (dismissing mandamus petition to compel the FBI to investigate and pursue criminal charges for tax collection); van Allen, 2000 U.S. Dist. LEXIS 19128, at *4-5 (dismissing mandamus petition to compel FBI to conduct a criminal investigation); Gant, 992 F. Supp. at 848 (dismissing mandamus petition seeking to order FBI to investigate his complaint that he was drugged against his will and kidnapped); Whittle v. Moschella, 756 F. Supp. 589, 597 (D.D.C. 1991) (dismissing mandamus petition to compel FBI to investigate a family member's death). Also, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General," and mandamus relief cannot be sought in order to control the exercise of this discretion. Powell v. Katzenbach,

359 F.2d 234 (D.C. Cir. 1965) (per curiam); see also, McCabe v. Thornburg, No. 90-5348, 1991 U.S. App. LEXIS 25419, at *1 (D.C. Cir. Aug. 6, 1991) (per curiam).

Wightman-Cervantes has failed to show that he has a right to the appointment of a special prosecutor or that the FBI, defendants, or any other government official or agency owe him a duty to investigate the alleged criminal conduct. See Whittle, 756 F. Supp. at 597 (finding that plaintiff failed to state a claim for mandamus relief when he could not demonstrate that the FBI owed him a nondiscretionary duty to investigate his brother's death). The Court concludes that Wightman-Cervantes has failed to satisfy his burden and demonstrate that he is entitled to mandamus relief, and his request for a writ of mandamus will be denied.

## **CONCLUSION**

Accordingly, the Court will dismiss the complaint because it lacks subject matter jurisdiction over the complaint. Even if the Court had jurisdiction, because Wightman-Cervantes has failed to state a claim for which declaratory, injunctive, or mandamus relief may be granted, his complaint must be dismissed. A separate order has been issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: November 12, 2010